ARCHER & GREINER
A Professional Corporation
1045 Laurel Oak Road
Voorhees, NJ 08043(856) 795-2121
Attorneys for Defendant
Soto Media Solutions, LLC

BY:    KERRI E. CHEWNING, ESQUIRE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROSARIO ESPOSITO-COSTAGLIOLA,<br><br>Plaintiff,<br><br>v.<br><br>SOTO MEDIA SOLUTIONS, LLC, d/b/a "KLASSY NETWORK" and d/b/a "THE KLASSY NETWORK", and XYZ CORPORATION 1-10<br><br>Defendants. | Civil Action No.: 23-1362<br><br><br>ELECTRONICALLY FILED |

## NOTICE OF REMOVAL

Defendant, Soto Media Solutions, LLC, d/b/a Klassy Network ("Klassy"), hereby removes this action from the Superior Court of New Jersey, Ocean County, Law Division, Docket No. OCN-L-000121-23 (the "State Court Action"), to the United States District Court for the District of New Jersey on the following grounds:

### STATEMENT OF THE CASE

1.    Plaintiff, Rosaria Esposito-Costagliola ("Plaintiff"), instituted litigation against Klassy on or about January 17, 2023, through the filing of a Complaint in the Superior Court of New Jersey, Ocean County, Law Division (the "Complaint").

2.      As required by 28 U.S.C. § 1446(a), true and correct copies of the pleadings filed before the New Jersey Superior Court are attached as Exhibit A to this Notice of Removal. Also, attached hereto as Exhibit B is a copy of the Notice of Filing of Notice of Removal (without exhibits) that Klassy will file with the Clerk of the Superior Court of New Jersey, Ocean County, Law Division and will promptly serve upon Plaintiffs' counsel pursuant to 28 U.S.C. § 1446(d).

3.      Klassy received notice of this lawsuit on or about February 9, 2023, when a copy of the Complaint was served on Klassy. Removal is therefore timely under 28 U.S.C. § 1446(b) because this Notice of Removal is filed before expiration of the 30-day period set forth in 28 U.S.C. § 1446(b).

4.      The Complaint seeks compensatory damages, statutory damages, punitive damages, the imposition of a constructive trust, attorney's fees, other expenses, and injunctive relief arising from Klassy's alleged overcharge of sales tax.

### DIVERSITY JURISDICTION

5.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1) in that there is complete diversity between the parties and the amount in controversy in this matter exceeds the sum or value of $75,000, exclusive of interest and costs.

#### There is Complete Diversity of Citizenship Between the Parties

6.      Plaintiff, an individual, resides in Toms River, Ocean County, New Jersey. Complaint ¶ 8. Therefore, Plaintiff is a citizen of the State of New Jersey

7.      Klassy is a limited liability company, which is comprised of three individual members.  All three individual members are natural persons who are each citizens of the State of Florida.

8.    As all of Klassy's individual members are citizens of Florida, Klassy is a citizen of the State of Florida.

9.    The citizenships of the fictitious defendants, XYZ Corporation 1-10, are disregarded pursuant to 28 U.S.C. § 1441(b)(1).

### The Amount in Controversy Exceeds the Jurisdictional Minimum

10.    The amount in controversy in this action exceeds $75,000 because Plaintiff transmitted a settlement demand seeking damages and attorney's fees of $125,000. *See Riconda v. US Foods, Inc.*, 2019 WL 1974831, at *4 (D.N.J. May 3, 2019) ("Where it appears that the plaintiff is demanding in excess of $75,000, that will be treated as the amount in controversy, unless it 'appears to a legal certainty that the plaintiff *cannot* recover the jurisdictional amount.' . . . The amount in controversy may include not only claims for compensatory damages, but also non-frivolous claims for attorney's fees and punitive damages." (emphasis in original)) (finding plaintiff's demand in excess of $75,000 in a statement of damages satisfied the amount in controversy); *see also* N.J. Stat. § 56:8-19 ("In any action under this section the court shall . . . award threefold the damages sustained by any person in interest [and] also award reasonable attorneys' fees."); N.J. Stat. § 56:12-17 ("Any person who violates the provisions of this act shall be liable to the aggrieved consumer for a civil penalty of not less than $100.00 or for actual damages, or both at the election of the consumer, together with reasonable attorney's fees."). A true and correct copy of this demand—partially redacted to preserve the confidentiality of settlement discussions—is attached as Exhibit C to this Notice of Removal.

### ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

11.    This Notice of Removal has been filed within 30 days of the date that Klassy was served with the Complaint in this matter and within one year of the underlying state court action.

12.     Removal to this district court is proper under 28 U.S.C. § 1441(a) and 28 U.S.C. § 110 because the Superior Court of New Jersey, Ocean County, Law Division is geographically located within the District of New Jersey, and within this Trenton Vicinage thereof.

13.     By filing this Notice of Removal, Klassy does not waive any defense which may be available to it.

14.     The prerequisites for removal under 28 U.S.C. §1441 have been met.  For all the foregoing reasons, and because the State Court Action is one within the diversity jurisdiction of the federal district courts, the action is removable to federal court under 28 U.S.C. § 1441(a) and (b) because no defendant is a citizen of the State of New Jersey and the amount in controversy exceeds $75,000.00.[1]

15.     In the event that any questions should arise with regard to the propriety of the removal of the State Court Action, Klassy requests the opportunity to present a brief and oral argument in support of its positions expressed herein.

16.      Klassy has not sought similar relief with respect to this matter.

WHEREFORE, Defendant hereby removes the above-captioned action from the Superior Court of New Jersey, Ocean County, Law Division, to this Court, and requests that all further proceedings be conducted in this Court, as required by law.

---

[1] This Court also has subject matter jurisdiction over the State Court Action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). There is minimal diversity based on the diverse citizenship of Plaintiff and Klassy. There are more than 100 putative class members in the proposed class. Complaint ¶ 44. And Plaintiff seeks more than $5,000,000 in controversy when the claims of the putative classes are aggregated—Plaintiff demands more than $75,000.00, and Plaintiff asserts that their claims are typical of the more than 100 putative class members in the proposed class. Complaint ¶¶ 44, 47; Exhibit C. To invoke CAFA jurisdiction, a defendant "need include only a *plausible allegation* that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014) (emphasis added) (citing 28 U.S.C. § 1446(a)). Additionally, the CAFA exceptions are not applicable. *See* 28 U.S.C. § 1332(d)(3)–(4) (providing that local controversy CAFA exception requires that "significant relief" be sought from an in-state defendant, and that home state and discretionary CAFA exceptions require that all "primary defendants" be resident defendants). Here, Klassy is not a citizen of the forum state (New Jersey).

ARCHER & GREINER
A Professional Corporation
Attorneys for Defendant,
Soto Media Solutions, LLC

By: _____*Kerri E. Chewning*_____
     KERRI E. CHEWNING, ESQUIRE

Dated:  March 10, 2023

# EXHIBIT A

**R.C. SHEA & ASSOCIATES**

Counsellors At Law, P.C.

244 Main Street – PO Box 2627

Toms River, New Jersey 08754-2627

Tel:  (732) 505-1212/ Fax (732) 505-0423

MJD: Atty. #020391998

Attorneys for Plaintiff

File Number:

| | | |
|---|---|---|
| ROSARIA ESPOSITO-COSTAGLIOLA, on behalf of herself and a class of all other similarly situated residential and commercial consumers, | : : : : : | SUPERIOR COURT OF NEW JERSEY LAW DIVISION – OCEAN COUNTY |
| Plaintiff(s), | : : | Docket No.: OCN- |
| vs. | : : | CIVIL ACTION |
| | : : : : : : : : : : : | **CLASS ACTION COMPLAINT, DEMAND FOR TRIAL BY JURY, CERTIFICATION OF OTHER ACTIONS, CERTIFICATION PURSUANT TO RULE 6:4-1(c), AND DESIGNATION OF TRIAL COUNSEL** |
| SOTO MEDIA SOLUTIONS, LLC, d/b/a "KLASSY NETWORK" and d/b/a "THE KLASSY NETWORK", and XYZ Corporation 1-10 (a fictitious name for a business entity unknown at this time but who may be liable to plaintiff and the class as otherwise set forth in this Complaint, | : : : : : : : : : : : | |
| Defendants. | : | |

1

## PREAMBLE

1.      This matter involves the failure to disclose a material fact.  In particular, this lawsuit seeks to address defendants' concealment of the actual purchase price of their merchandise until after the sale is completed.

## BACKGROUND

2.      Plaintiff, Rosaria Esposito-Costagliola, brings this collection and payment dispute against defendants, Soto Media Solutions, LLC, d/b/a "Klassy Network" and also d/b/a "The Klassy Network", ("TKN"), and XYZ Corporation (a fictitious name for a business entity who may be liable to plaintiff and the class as otherwise set forth in this Complaint) on behalf of herself and a class of all other similarly situated consumers.

3.      Defendant, Soto Media Solutions, LLC, d/b/a "Klassy Network" and also d/b/a "The Klassy Network", ("TKN"), is an online clothing merchant who sells woman's clothing and accessories through its online website at www.Klassyshop.com.

4.      During all times relevant hereto the defendant, Soto Media Solutions, LLC maintains a registered principal business address at 5348 Starboard Street, #104, Orlando, Florida.

5.       During all times relevant hereto the defendant, Soto Media Solutions, LLC, d/b/a "Klassy Network" and also d/b/a  "The Klassy Network" ("TKN"), maintains a brick and mortar store located at 706 Hillcrest Street, Orlando, Florida, which is accessible by appointment only.

6.     During all times relevant hereto the defendants XYZ Corporation 1-10 are a fictitious name for a business entity unknown at this time but who may be liable to plaintiff and the class as otherwise set forth in this Complaint.

## PARTIES

7.     Plaintiff, Rosaria Esposito-Costagliola, brings this Action on her own behalf and for all others similarly situated New Jersey consumers of the defendant's on-line boutique.

8.     Plaintiff, Rosaria Esposito-Costagliola, is a resident of Toms River, Ocean County, New Jersey.

9.     Defendant, Soto Media Solutions, LLC, is a foreign for-profit corporation with its principal place of business located at 5348 Starboard Street, #104, Orlando, Florida.

10.     During all times relevant hereto the defendants were and are a remote seller of sells tangible personal property such as women's clothing, via the  internet, to New Jersey residents.

11.     "Sale", as defined by the New Jersey Consumer Fraud Act, N.J.S.A. 56:8.1 "shall include any sale, rental, or distribution, offer for sale, rental or distribution or attempt to directly or indirectly to sell, rent or distribute."

12.     The defendants' tangible personal property is also "merchandise" as defined by the New Jersey Consumer Fraud Act, N.J.S.A. 56:8.1 which consists of ". . . any objects, wares, goods, commodities, services or anything offered, directly or indirectly to the public for sale."

13.     During all times relevant hereto the plaintiff, the putative class members, and the defendants are a "person" as defined by the New Jersey Consumer Fraud Act, N.J.S.A. 56:8.1.

14.     During all times relevant hereto the defendants were and are an "advertiser" which, as defined by N.J.A.C. 13:45A-9.1, is one "who in the ordinary course of business is engaged in the sale or rental of merchandise at retail."

15.     More specifically and during all times relevant hereto, the defendants' website is a form of "advertisement", as defined by N.J.A.C. 13:45A-9.1, which directly or indirectly attempts induce the purchase of merchandise at retail, "appearing in . . . any electronic medium or delivered to or through any computer."  N.J.A.C. 13:45A–9.1

16.     Similarly, "the term "advertisement" shall include the attempt directly or indirectly by publication, dissemination, solicitation, indorsement or circulation or in any other way to induce directly or indirectly any person to enter or not enter into any obligation or acquire any title or interest in any merchandise or to increase the consumption thereof or to make any loan. N.J.S.A. 56:8-1

### FACTS

17.     Plaintiff, on her own behalf and for all others similarly situated, re-alleges and incorporates herein all previous paragraphs of this Complaint.

18.     Plaintiff and the class members purchased merchandise from the defendant's website at www.Klassyshop.com.

19.     The Plaintiff and the class members who purchased merchandise from the defendant's website at www.Klassyshop.com were secretly over-charged by the defendant for each purchase.

20.     The overage alleged in the preceding paragraph consisted of the defendant collecting an additional .6625% of the clothing purchase price.

21.     New Jersey Sales Tax is 6.625%.  New Jersey Sales Tax on articles of clothing for human use which is a non-taxable item in New Jersey.

22.     During all times relevant hereto the defendant's advertised and continue to advertise the sale of articles of clothing as shown and priced on their website, but the defendants do not disclose to the unsuspecting consumer (plaintiff and the putative class members) that an additional fee of .6625% is to be collected after the purchase.



Wide Leg Trousers
$69.00

Dressy Shorts
$39.00

Lux Jogger - Pistachio
$55.00

23.     When the consumer (plaintiff and the putative class members) adds his/her merchandise into their virtual / electronic shopping cart the consumer sees their merchandise priced without any additional costs such as shipping, shipping protection, or tax, to wit:



24.     When the consumer (plaintiff and the putative class members) continues with their purchase process by clicking on the black "CHECK OUT" tab the consumer is directed to another page on the defendants' website where additional charges are added to the purchase price.   In particular shipping is added to the purchase price as well as an "estimated tax".

25.     When the New Jersey consumer (plaintiff and the putative class members), sees this, knowing New Jersey does not collect Sales Tax on clothing, the consumer clicks on the (?) hyperlink to "learn more" about the "estimated tax of their potential sale.

26.     The (?) hyperlink informs the consumer of the following: "The final tax and total will be confirmed by e-mail or text **after** you place your order". [emphasis added]  An example of this pricing scheme is captured below.



27.     Once the consumer (plaintiff and the putative class members) clicks on the blue "Pay now" bar, the transaction is now complete and sometime later the consumer will learn, <u>for the first time,</u> that they paid more for their clothing product than the consumer agreed to and that which New Jersey law permits.

28.     The plaintiff, Rosaria Esposito-Costagliola, fell victim to this deceptive scheme during her November 4, 2022, order (#315881) as seen below:




29.    At no time during the purchase transaction did the plaintiff or the putative class members agree to the defendant's "Terms of Service" related to the use of their website.

30.    The defendants' "Terms of Service" hyperlink does not display itself on the consumer/purchaser's computer screen unless the purchaser happens to scroll down to the last page of the defendants' website Home Screen to find the submerged "Terms of Service" hyperlink.

31.    At no time does the consumer (in this case the plaintiff and putative class members) have to click on any link or box to accept the defendants' "Terms of Service".

32.     At no time was the consumer (in this case the plaintiff and putative class members)  warned or notified, before making a purchase, that the purchase is subject to acceptance of defendants otherwise undisclosed "Terms of Service".

33.     At no time is the consumer (in this case the plaintiff and putative class members) invited to read or accept the defendant's Terms of Service.

34.     At no time was there an immediately visible notice of the defendant's "Terms of Service" available to the plaintiff and putative class. This is demonstrated below where one can see that the "Terms of Service" hyperlink is buried on the seventh page of the website's home page.

35.     The website's home page begins with this image:



36.     The www.Klassyshop.com home page is followed by six (6) more pages, totaling 7 pages.

37.     All seven pages of the www.Klassyshop.com home page have been captured as follows:





38.     The Terms of Service is buried at the bottom of the home page along with a slew of other hyperlinks to click on, none of which are a required to be clicked on or accepted in order to use the defendants' website in the first place much less make a purchase.

39.     Each time defendant(s) failed to inform its consumer, up front, that a .6625% fee or other amount of money would be added to the otherwise negotiated / accepted price for its clothing this failure to inform prohibited the consumer from negotiating or demanding that the unauthorized and or undisclosed tax/fee be removed or reduced, and or it otherwise prevented the consumer, such as the plaintiff and putative class from obtaining a better deal.

## **CLASS ALLEGATIONS**

40.     Plaintiff, on behalf of herself and on behalf of all proposed class members, re-allege and incorporate herein all previous paragraphs of this Complaint.

41.     This is a collection and payment dispute.

42.     Plaintiff brings this action on behalf of herself and on behalf of all proposed class members as consumers, including all consumers and all persons, entities, or firms who, at any time during the statute of limitations or otherwise, paid to the defendant(s) .6625% more than they bargained when they were not informed, upfront, that they would be assessed a .6625% fee that would be collected upon hitting the purchase button.

43.     This action is brought, and may properly be maintained, as a class action under Rule 4:32. The proposed class satisfies the numerosity, typicality, adequacy, predominance, superiority, and all other requirements of the rule.

44.     The proposed class consists of well over 100 persons. The class is so numerous that joinder of all members is impracticable and it is impracticable to bring all such persons before this Court.

45.     The injuries and damages to the class members in each class present common questions of law and fact including, but not limited to:

a)      Whether the .6625% Fee was adequately disclosed to the plaintiff and the class members before they agreed to purchase defendants' clothing merchandise;

b)      Whether the .6625% Fee was agreed upon by the plaintiff and the class members when they hit "ENTER" and purchased the defendants' clothing merchandise;

c)      Whether the defendant(s) failure to disclose a known fee is deceptive or otherwise violates New Jersey's Consumer Fraud Act and the regulations promulgated thereunder;

d)      Whether defendant (s) failure to disclose a known fee is a violation of the Truth-in-Consumer Contract, Warranty and Notice Act ("TCCWNA");

e)      Whether plaintiff and the class members sustained an ascertainable loss;

f)      Whether defendant(s) has/have engaged in the same conduct regarding all class members; and

g)      Whether the claims and injuries of the representative plaintiff are typical of the claims and injuries of the entire class, and the claims, and injuries of each class member are typical of those of the entire class.

46.     The defendant(s) has/have engaged in the same conduct with respect to all of the class members.

47.     The named plaintiff's claims, defenses, and injuries are typical of the claims, defenses, and injuries of all of the class members.

48.     The named plaintiff will fully and adequately protect and represent the interests of the class members.

49.     The identity of the class members is available from defendants' records and will be determined in discovery.

50.     The prosecution of separate actions by each class member would create a substantial risk of inconsistent or varying adjudications for each individual class member that would establish incompatible standards of conduct for the Plaintiff.

51.     The prosecution of separate actions would also create a substantial risk of adjudication with respect to individual members of the class, which, as a practical matter, would be dispositive of the interests of other members not parties to the adjudication, thereby substantially impairing and impeding their ability to protect those interests.

52.     The maintenance of this suit as a class action is the superior means of disposing of the common questions that predominate herein.

## COUNT ONE
## CONSUMER FRAUD

53.     Plaintiff on behalf of herself and on behalf of all proposed class members re-alleges and incorporate herein all previous paragraphs of this Complaint.

54.     The Plaintiff, class members, and defendants is/are considered to be a "person" under the Consumer Fraud Act.

55.     More specifically, N.J.S.A. 56:8-1(d) defines "person" as "any natural person or his legal representative, partnership, corporation, company, trust, business entity

or association, and any agent, employee, salesman, partner, officer, director, member, stockholder, associate, trustee or cestuis que trustent thereof."

56.   During all times relevant hereto the defendant(s) engaged in the sale of merchandise.

57.   "The term "merchandise" shall include any objects, wares, goods, commodities, <u>services,</u> or anything offered, directly or indirectly to the public for sale." <u>N.J.S.A.</u> 56:8-1(c).

58.   "Merchandise" includes clothing for human use.

59.   Under the Act, the term "sale" "shall include any sale, rental or distribution, offer for sale, rental or distribution or attempt directly or indirectly to sell, rent or distribute." <u>N.J.S.A.</u> 56:8-1(e).

60.   "Sale" includes the distribution of clothing for compensation.

61.   Defendants' failure to specifically designate within an advertisement which merchandise items possess special or limiting factors relating to price, quality, condition, or availability is a violation of the Consumer Fraud Act, <u>N.J.S.A.</u> 56:8-2 because such acts and omissions constitute the

> act, use or employment of a commercial practice that is unconscionable or abusive, deceptive, fraudulent, a false pretense, a false promise, a misrepresentation, or the knowing, concealment, suppression, or omission of a material fact with intent that others rely upon such concealment, suppression or omission, in connection with the defendant's sale or advertisement of its merchandise or with the subsequent performance of such person as aforesaid.

62.     Defendants' failure to specifically designate within an advertisement which merchandise items possess special or limiting factors relating to price, quality, condition, or availability is a violation of the Consumer Fraud Act, N.J.S.A. 56:8-2 since it is a de facto unlawful practice pursuant to N.J.A.C. 13:45A-9.2(a)(2).

63.     The defendant(s) failure to disclose the .6625% that it collects from all New Jersey consumers who purchase their clothing merchandise constitutes unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation.

64.     In addition, defendant(s) failure to disclose the .6625% fee prior to plaintiff's purchase constitutes the known concealment, suppression, or omission of a material fact with intent that the plaintiff and class members rely upon such concealment, suppression, or omission in connection with the sale of its merchandise.

65.     As a result of the aforesaid unlawful practices of the defendant(s) the consumer plaintiff and as a class of all other similarly situated consumers, sustained an ascertainable loss of no less than .6625% of their respective advertised pre-purchase price.

66.     In addition to having paid the excessive merchandise fee, which is an ascertainable loss, when the plaintiff and class members paid this excessive merchandise fee they were henceforth deprived of the use of that money and its ability to earn interest or earn income from investments.

67.     The unlawful acts and omissions of defendants as set forth above including, but not limited to, the defendants' collection of the undisclosed .6625% merchandise fee was enough to harm plaintiff and the class members to confer standing. Cox v. Porsche Financial Services, Inc., 342 F.Supp.3d. 12711283 (2018).

68.     The above are all examples of an ascertainable loss and of an aggrieved consumer which constitutes standing to bring this claim.

**WHEREFORE,** plaintiff and class members demand judgment against the aforesaid defendant(s), Soto Media Solutions, LLC, d/b/a "Klassy Network", and d/b/a "The Klassy Network" and XYZ Corporation 1-10 (a fictitious name for a business entity unknown at this time but who may be liable to plaintiff and the class as otherwise set forth in this Complaint, jointly, severally or in the alternative, for an Order

a.     Determining at the earliest possible time that this matter may proceed as a class action under Civil Rule 4:32, and certifying the class;

b.     That defendant(s) aforesaid violated the Consumer Fraud Act;

d.     For damages and treble damages;

e.     For reasonable costs and attorney fees under the Consumer Fraud Act;

f.     For injunctive relief prohibiting defendant(s) from continuing with its deceptive sales and collection practice; and

g.     For such other or further relief as the Court deems the plaintiff and the class members entitled.

## COUNT TWO
## TRUTH-IN-CONSUMER CONTRACT, WARRANTY AND NOTICE ACT (TCCWNA CLAIM)

69.     Plaintiff on behalf of herself and on behalf of all proposed class members re-allege and incorporate herein all previous paragraphs of this Complaint.

70.     During all times relevant hereto the plaintiff and class members were consumers under the Truth-in-Consumer Contract, Warranty and Notice Act ("TCCWNA").

71.      During all times relevant hereto the Defendant(s) was/were a seller, lessee, creditor, or lender under the TCCWNA.

72.     During all times relevant hereto the Defendant(s) offered the consumer plaintiff and class members a contract or gave notice to the consumer plaintiff and class members which included provisions that violate a legal right of the said plaintiff and class members or responsibility of the seller.

73.     On example of this allegation is the defendant's offer to sell clothing to the plaintiff and the class and the plaintiff and class member's promise to pay for said clothing and by actually paying for said clothing per the terms of the defendants' website a contract was formed for each sale of clothing.

74.     Contracts of the type described herein are essential to civilized life, such as sale or lease of lands; goods or intangible property; the rendering of services for hire; the lending of money.  In modern times, less formal contracts are far more important. The typical contract is a bargain and is binding without regard to form.  Restatement Second of Contracts 2d., §17, comment b. See also N.J.S.A. 12A:2-301.

75.     The Truth-in-Consumer Contract, Warranty and Notice Act, specifically N.J.S.A 56:12-15 and N.J.S.A. 56:12-17, respectively, state in relevant part, the following:

> No **seller**, lessor, creditor, lender or bailee shall in the course of his business offer to any **consumer** or prospective

consumer or enter into any written **consumer contract** or give or display any written consumer warranty, **notice** or sign after the effective date of this act which includes any provision that **violates any clearly established legal right** of a consumer or responsibility of a seller, lessor, creditor, lender or bailee as established by **State** or Federal law at the time the offer is made or the consumer contract is signed or the warranty, notice or sign is given or displayed.

. . . .

Any person who violates the provisions of this act shall be liable to the **aggrieved** consumer for a **civil penalty of not less than $100.00** or for actual damages, or both **at the election** of the consumer, together with reasonable **attorney's fees** and court costs.

76.     By entering into an agreement (consumer contract) with plaintiff and the putative class (consumers) the defendant(s) became a seller/ lessor.

77.     According to TCWWNA, "State or Federal law" establishes the legal rights of consumers and responsibilities of sellers and creditors.

78.     <u>N.J.S.A</u>. 56:8-1 et seq. (the New Jersey Consumer Fraud Act or "CFA"); <u>N.J.A.C</u>. 13:45A-9.2(a)(2) are two examples of the "State or Federal law" that provide to consumers "clearly established legal rights".

79.     In particular, the Consumer Fraud Act (<u>N.J.S.A</u>. 56:8-2) prohibits

The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice . . .

18

80. Additionally, <u>N.J.A.C</u>. 13:45A-9.2(a)(2) requires defendants to specifically designate within an advertisement which merchandise items possess special or limiting factors relating to price, quality, condition, or availability is an unlawful practice pursuant to <u>N.J.A.C</u>. 13:45A-9.2(a)(2). Moreover, clothing is not taxable in New Jersey.

81. For years leading up to 2022, the defendant(s) failed to comply with <u>N.J.S.A</u>. 56:12-62 and <u>N.J.A.C</u>. 13:45A-9.2(a)(2) when defendant(s) presented the plaintiff and class members, as consumers, with an agreement "contract" that contains terms contrary to any established state or federal right of the consumer.

82. In particular, the defendants failed to disclose truthful and complete terms, up front when the consummated each sale to the plaintiff and class members and in their contract or notice on their website to their consumers, the defendant(s) would assess and collect a fee of .6625% above the price that the defendant offered their closing for sale

83. The plaintiff on behalf of herself and on behalf of all proposed class members are an "aggrieved consumer" who (1) paid an amount of money above and beyond the sale price of the defendant's clothing merchandise, (2) deprived plaintiffs of the use of the excess monies taken by defendant(s) and said money's ability to earn interest or earn income from investments; and (3) caused plaintiff and each class member to pay their respective credit card company interest or finance charges on the illegally charged .6625%.

**WHEREFORE,** plaintiff and class members demand judgment against the aforesaid defendant(s), Soto Media Solutions, LLC, d/b/a "Klassy Network", and d/b/a "The Klassy Network" and XYZ Corporation 1-10 (a fictitious name for a business entity

unknown at this time but who may be liable to plaintiff and the class as otherwise set forth in this Complaint, jointly, severally or in the alternative, for an Order:

    a.    Determining at the earliest possible time that this matter may proceed as a class action under R. 4:32 and certifying this case as such;

    b.    A civil penalty of <u>at least</u> $100.00 for each unlawful act under TCCWNA, including each violation of State and Federal law;

    c.    Reasonable attorney's fees and other expenses under TCCWNA;

    d.    Injunctive relief prohibiting defendant(s) from continuing with its unlawful practice; and

    e.    Such other or further relief as this Honorable Court deems plaintiff and the class entitled.

## <u>COUNT THREE</u>
## <u>BREACH OF GOOD FAITH AND FAIR DEALING</u>

84.    Plaintiff on behalf of herself and on behalf of all proposed class members re-alleges and incorporate herein all previous paragraphs of this Complaint.

85.    During all times relevant hereto there existed a valid contract between the parties, such as seen in paragraph 73 above herein.

86.    In New Jersey, every party to a contract is bound by a duty of good faith and fair dealing both in the performance and enforcement of the contract.

87.    The plaintiff and class members performed under the terms of the contract.

88.    Although the plaintiff and class members performed under the terms of the contract the defendant(s) engaged in conduct, apart from its contractual obligations, without good faith, and for the purpose of depriving the plaintiff and class members of the

rights and benefits under the contract which included assessing and collecting an undisclosed fee and or illegal tax on the purchase of clothing which caused the plaintiff and the class members to sustain damage, harm, or a loss.

**WHEREFORE,** plaintiff and class members demand judgment against the aforesaid defendant(s), Soto Media Solutions, LLC, d/b/a "Klassy Network", and d/b/a "The Klassy Network" and XYZ Corporation 1-10 (a fictitious name for a business entity unknown at this time but who may be liable to plaintiff and the class as otherwise set forth in this Complaint, jointly, severally or in the alternative, for an Order:

a.     Determining at the earliest possible time that this matter may proceed as a class action under R. 4:32 and certifying this case as such;

b.     For compensatory damages;

c.     For punitive damages;

d.     For the imposition of a construct trust;

e.     For reasonable attorney's fees and other expenses;

f.     For injunctive relief prohibiting Defendant(s) from continuing with its unlawful practice; and

g.     For such other or further relief as this Honorable Court deems plaintiff and the class members entitled.

## <u>CERTIFICATION PURSUANT TO R. 4:5-1(b)(2)</u>

I certify that, to the best of my knowledge, the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration proceeding and no other action or arbitration proceeding is contemplated. At the present time, I do not know the names of any parties who should be joined in this action.

## JURY DEMAND PURSUANTE TO RULE 4:35-1

Plaintiffs demand a trial by jury of the within issues.

## NOTICE OF DESIGNATION OF TRIAL COUNSEL PURSUANT TO R. 4:5-1(c)

Plaintiff hereby designates the undersigned, MICHAEL J. DEEM, Esq., as trial

counsel in this matter.

**R.C. SHEA & ASSOCIATES, P.C.**
Attorneys for Plaintiffs


*Michael J. Deem*
MICHAEL J. DEEM, ESQ.

Dated: January 17, 2023

# Civil Case Information Statement

**Case Details: OCEAN | Civil Part Docket# L-000121-23**

**Case Caption:** ESPOSITO-COSTAGLIOLA ROSARIA  VS
SOTO MEDIA SOLUT

**Case Initiation Date:** 01/17/2023

**Attorney Name:** MICHAEL JAMES DEEM

**Firm Name:** R. C. SHEA & ASSOCIATES

**Address:** 244 MAIN STREET PO BOX 2627
TOMS RIVER NJ 08754

**Phone:** 7325051212

**Name of Party:** PLAINTIFF : Esposito-Costagliola, Rosaria

**Name of Defendant's Primary Insurance Company**
(if known): Unknown

**Case Type:** OTHER Class Action

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: Rosaria Esposito-Costagliola?** NO

---

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
#### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
    **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** YES  **Title 59?** NO  **Consumer Fraud?** YES

---

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

01/17/2023
Dated

/s/ MICHAEL JAMES DEEM
Signed

# EXHIBIT B

ARCHER & GREINER
A Professional Corporation
1045 Laurel Oak Road
Voorhees, NJ 08043(856) 795-2121
Attorneys for Defendant
Soto Media Solutions, LLC

BY:    KERRI E. CHEWNING, ESQUIRE

**SUPERIOR COURT OF NEW JERSEY**
**LAW DIVISION – OCEAN COUNTY**

| | |
|---|---|
| ROSARIO ESPOSITO-COSTAGLIOLA, <br><br> Plaintiff, <br><br> v. <br><br> SOTO MEDIA SOLUTIONS, LLC, d/b/a "KLASSY NETWORK" and d/b/a "THE KLASSY NETWORK", and XYZ CORPORATION 1-10 <br><br> Defendants. | Docket No.: OCN-L-000121-23 <br><br> **NOTICE OF FILING** <br> **NOTICE OF REMOVAL** |

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant, Soto Media Solutions, LLC, d/b/a Klassy Network ("Klassy"), filed a Notice of Removal in the Office of the Clerk of the United States District Court for the District of New Jersey. A copy of the Notice of Removal is attached hereto as Exhibit 1.

PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. § 1446(d), the filing of the Notice of Removal in the United States District Court, together with the filing of a copy of that Notice with the Clerk of this Court, effects the removal of the above-styled action to the United States District Court, and this court may proceed no further unless and until the case is remanded.

06762027.1

ARCHER & GREINER
A Professional Corporation
Attorneys for Defendant,
Soto Media Solutions, LLC

By:   *Kerri E. Chewning*
     KERRI E. CHEWNING, ESQUIRE

Dated:  March 10, 2023.

226835467v1

# EXHIBIT C

**From:**          Michael J. Deem <mdeem@rcshea.com>
**Sent:**          Thursday, March 2, 2023 1:03 PM
**To:**            Ethan McDaniel
**Subject:**       Klassy Network

Good afternoon Ethan:

    I am following-up with our conversation this morning regarding settlement.  I have spoken with our client and I have also given this some more thought.
Our demand is $125,000.00 and here is why:



I look forward to hearing from you.

Mike

Michael J. Deem, Esq.

**Certified by the Supreme Court of New Jersey as a Civil Trial Attorney**
**Certified By The National Board of Trial Advocacy As A Civil Trial Advocate**
**Rule 1:40 Qualified Mediator**

*R.C. Shea & Associates*
*Counsellors at Law*

Website: http://www.rcshea.com

phone: 732.505.1212 | email: mdeem@rcshea.com|

244 Main Street, P.O. Box 2627, Toms River, NJ 08754



**This e-mail message from the law firm of R.C. Shea & Associates is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.**